IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO SECURITY INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>v.<br><br>TIFFIN CITY SCHOOLS and JBA MANAGEMENT SERVICES, LLC,<br><br>  Defendants. | Case No. _____<br><br>Judge _____<br><br>**COMPLAINT** |

Plaintiff, OHIO SECURITY INSURANCE COMPANY ("Ohio Security"), by and through its undersigned counsel, brings this Complaint against Defendant TIFFIN CITY SCHOOLS ("Tiffin") and Defendant JBA MANAGEMENT SERVICES, LLC ("JBA"), under 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, and states as follows:

1. This is an action to resolve an insurance coverage dispute. Ohio Security seeks a judgment declaring that a certain liability insurance policy it issued provides no liability insurance coverage for JBA—*i.e.*, no duty to defend or duty to indemnify JBA Management Services, LLC—for claims against it in an underlying construction-project defect lawsuit styled *Tiffin City Schools v. JBA Management Services, LLC.*, pending as Case No. 22-cv-0247 in the Court of Common Pleas, Seneca County, Ohio (the "Underlying Lawsuit").

2. Ohio Security is entitled to declaratory relief under 28 U.S.C Section 2201 and Rule 57 of the Federal Rules of Civil Procedure since, in connection with the Underlying Lawsuit, an actual controversy exists between the Plaintiff and the Defendants regarding the claim of coverage under such insurance policies.

1

## PARTIES, JURISDICTION, AND VENUE

3. Ohio Security is a New Hampshire corporation with its principal place of business in Boston, Massachusetts that, at all relevant times, has been duly licensed and authorized to issue insurance policies in Illinois and Ohio. For purposes of subject matter jurisdiction based on diversity of citizenship, Ohio Security is a citizen of New Hampshire and Massachusetts. *See* 28 U.S.C. §1332(c).

4. Tiffin City Schools provides public education to students in the City of Tiffin. Pursuant to Ohio Revised Code Section 3313.17, Tiffin is capable of suing and being sued, and contracting and being contracted with, among other powers. Tiffin's principal place of business is in Tiffin, Seneca County, Ohio.

5. JBA is an Illinois limited liability company with its principal place of business in Woodstock, Illinois.

6. This court has personal jurisdiction over Tiffin because its principal place of business is in the State of Ohio, and because this action arises out of and relates to Tiffin's transaction of business in the State of Ohio.

7. This court has personal jurisdiction over JBA because this action arises out of and relates to JBA's transaction of business in the State of Ohio.

8. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00. Specifically, the judgment in the Underlying Lawsuit is in the amount of $1,094,580.00, plus prejudgment interest from April 1, 2019 to the date of judgment, as well as post-judgment interest after the date of judgment. A copy of the judgment is attached hereto as **Exhibit A**.

9. Venue is appropriate in this forum pursuant to 28 U.S.C. § 1391 because Tiffin's principal place of business is in this judicial district and a substantial part of the events giving rise to the Underlying Lawsuit and this coverage dispute occurred in this judicial district.

## BACKGROUND

10. Tiffin initiated the Underlying Lawsuit against JBA in the Court of Common Pleas, Seneca County, Ohio, on or about October 20, 2022. A copy of the operative complaint in the Underlying Lawsuit (the "Underlying Complaint"), is attached hereto as **Exhibit B**.

11. The Underlying Complaint alleges in part that, in or around March 2019, Tiffin and JBA entered into a contract for services to construct a new track at Tiffin High School (the "Project").

12. It is further alleged that defects and issues with the track began to appear shortly after JBA commenced its work, including, but not limited to, bubbling of the new track that JBA installed.

13. The Underlying Complaint further alleges that Tiffin notified JBA multiple times regarding the defects. JBA attempted to remediate its work by patching the affected areas, however, the attempted remediation was unsuccessful.

14. It is further alleged that the track related to the Project is functionally unusable and does not comport with the terms of the contract.

15. Following the filing of the Underlying Lawsuit, on October 24, 2022, JBA's registered agent was served with summons and the Underlying Complaint at 6545 Market Avenue North, Suite 100, North Canton, OH 44721. A copy of the proof of service of summons is attached hereto as **Exhibit C**.

16. On January 17, 2023, Tiffin moved for a default judgment in the Underlying

Lawsuit, which was also served on JBA's registered agent at 6545 Market Avenue North, Suite 100, North Canton, OH 44721.  A copy of Tiffin's Motion for Default Judgment is attached hereto as **Exhibit D**.

17. On January 24, 2023, the Court in the Underlying Lawsuit entered the default judgment in favor of Tiffin against JBA. (Ex. A.)

18. On February 16, 2023, the Court in the Underlying Lawsuit issued a Certificate of Judgment.  A copy of the February 16, 2023 Certificate of Judgment is attached hereto as **Exhibit E**.

19. Ohio Security first received notice of JBA's claim related to the Project on July 9, 2020.  A copy of JBA's July 9, 2020 claim is attached hereto as **Exhibit F**.

20. By letters dated November 6, 2020 and July 20, 2021, Ohio Security responded to JBA's potential claim and advised JBA of Ohio Security's coverage position.  Copies of Ohio Security's November 6, 2020 and July 20, 2021 letters are attached hereto as **Group Exhibit G**.

21. In Ohio Security's July 20, 2021 letter, Ohio Security expressly requested that JBA keep it apprised of any new developments and specified that JBA was to "immediately forward any lawsuit." *Id*.

22. Ohio Security subsequently corresponded with counsel for JBA on multiple occasions, yet Ohio Security was not provided with notice of any developments to the claim, or the fact that the Underlying Lawsuit had been filed against JBA.

23. On or about February 7, 2023, Ohio Security was advised via email that a default judgment was entered against JBA in the Underlying Lawsuit. A copy of the February 7, 2023 e-mail is attached hereto as **Exhibit H**.

24. By letter dated April 13, 2023, Ohio Security disclaimed coverage to JBA, and

requested that JBA withdraw its tender to Ohio Security of the Underlying Lawsuit. A copy of the April 13, 2023 letter is attached hereto as **Exhibit I**.

25. On May 22, 2023, JBA moved to vacate the judgment in the Underlying Lawsuit and that motion was set to be heard on November 7, 2023. However, on August 22, 2023, JBA withdrew its motion.

## THE COMMERCIAL GENERAL LIABILITY POLICY

26. For successive annual periods from May 31, 2018 to May 31, 2021, Ohio Security issued to JBA commercial package policy BKS 58031211 (the "Policies"). Copies of policy number BKS 58031211 for the effective policy periods are attached hereto as **Exhibit J**.

27. The Policies include the following provisions, which appear in the coverage form as amended by various endorsements:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

   **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.  If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\*\*\*

**2. Exclusions**

This insurance does not apply to:

\*\*\*

**j.  Damage To Property**
"Property damage" to:

\*\*\*

**(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or
**(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\*\*\*

Paragraphs **(3), (4), (5)** and **(6)** of this exclusion do not apply to liability assumed under a sidetrack agreement.

Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".

\*\*\*

**l.  Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor.

**m.  Damage to Impaired Property or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

\*\*\*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**2.  Duties in The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;

**(2)** The names and addresses of any injured persons and witnesses; and

**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

7

  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

  **(2)** Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

 **(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

 **(2)** Authorize us to obtain records and other information;

 **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

 **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

**d.** No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

***

## SECTION V – DEFINITIONS

***

**8.** "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

 **a.** It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

 **b.** You have failed to fulfill the terms of a contract or agreement;

if such property can be restored to use by the repair, replacement, adjustment or removal or "your product" or "your work" or your fulfilling the terms of the contract or agreement.

***

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

***

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

        **(1)** Products that are still in your physical possession; or

        **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

            **(a)** When all of the work called for in your contract has been completed.

            **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

            **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

        Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b. Does not include "bodily injury" or "property damage" arising out of:

        **(1)** The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

        **(2)** The existence of tools, uninstalled equipment or abandoned or unused materials; or

        **(3)** Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

    b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

***

22. "Your work":

    a. Means:
        (1) Work or operations performed by you or on your behalf; and
        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b. Includes:
        (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
        (2) The providing of or failure to provide warnings or instructions.

***

## COUNT I – DECLARATORY JUDGMENT
### (No "Property Damage" Caused By An "Occurrence")

28. Ohio Security repeats and incorporates the allegations of Paragraphs 1-27 as if fully set forth in this paragraph.

29. The CGL Policies' insuring agreement provides coverage for "suits" seeking damages because of "property damage" caused by an "occurrence."

30. The Underlying Complaint seeks damages because of JBA's faulty workmanship and does not allege damage to any property outside JBA's scope of work on the Project.

31. Accordingly, the Underlying Lawsuit does not seek damages because of "property damage" caused by an "occurrence."

32. The Underlying Lawsuit does not satisfy the insuring agreement, and therefore no coverage is available to JBA for the Underlying Lawsuit under the CGL Policies.

WHEREFORE, Plaintiff OHIO SECURITY INSURANCE COMPANY requests that this Court enter a judgment adjudicating and declaring that OHIO SECURITY INSURANCE COMPANY has no duty to defend or duty to indemnify JBA MANAGEMENT SERVICES, LLC with respect to TIFFIN CITY SCHOOLS' underlying lawsuit against JBA MANAGEMENT SERVICES, LLC; and for all other relief this Court deems is just and proper.

### COUNT II – DECLARATORY JUDGMENT
### (Business Risks Exclusions Bar Coverage)

33. Ohio Security repeats and incorporates the allegations of Paragraphs 1-31 as if fully set forth in this paragraph.

33. The CGL Policies' "Property Damage" exclusion ("Exclusion j."), "Damage To Your Work" exclusion ("Exclusion l."), and "Damage To Impaired Property Or Property Not Physically Injured" exclusion ("Exclusion m.") bar coverage for certain "property damage."

34. The damages sought in the Underlying Lawsuit are caused by JBA's faulty workmanship set forth in the Underlying Complaint, and accordingly fall within the scope of Exclusion j., Exclusion l., and Exclusion m. of the CGL Policies.

35. Accordingly, the CGL Policies do not apply to the Underlying Lawsuit, and no coverage is available to JBA for the Underlying Lawsuit under the CGL Policies.

WHEREFORE, Plaintiff OHIO SECURITY INSURANCE COMPANY requests that this Court enter a judgment adjudicating and declaring that OHIO SECURITY INSURANCE COMPANY has no duty to defend or duty to indemnify JBA MANAGEMENT SERVICES,

LLC with respect to TIFFIN CITY SCHOOLS' underlying lawsuit against JBA MANAGEMENT SERVICES, LLC; and for all other relief this Court deems is just and proper.

### COUNT III – DECLARATORY JUDGMENT
**(JBA Violated The CGL Policies' Notice Conditions)**

36. Ohio Security repeats and incorporates the allegations of Paragraphs 1-35 as if fully set forth in this paragraph.

37. Condition 2. of the CGL Policies (the "Notice Condition") provides that JBA must notify Ohio Security "as soon as practicable" of a claim or suit against it.

38. Additionally, the Notice Condition requires JBA to "immediately" send copies of any demands, notices, summonses or legal papers received in connection with a claim or "suit."

39. JBA did not provide notice of the Underlying Lawsuit to Ohio Security and did not forward copies of the Underlying Complaint to Ohio Security until after a default judgment had been entered against JBA.

40. Accordingly, JBA violated the CGL Policies' Notice Condition and no coverage is available to JBA for the Underlying Lawsuit under the CGL Policies.

WHEREFORE, Plaintiff OHIO SECURITY INSURANCE COMPANY requests that this Court enter a judgment adjudicating and declaring that OHIO SECURITY INSURANCE COMPANY has no duty to defend or duty to indemnify JBA MANAGEMENT SERVICES, LLC with respect to TIFFIN CITY SCHOOLS' underlying lawsuit against JBA MANAGEMENT SERVICES, LLC; and for all other relief this Court deems is just and proper.

Dated: September 21, 2023        Respectfully submitted,

OHIO SECURITY INSURANCE COMPANY

By: */s/    Alex B. Mahler*
One of their Attorneys

                Alexander B. Mahler
                amahler@nicolaidesllp.com
                Regina A. Ripley
                rripley@nicolaidesllp.com
                David J. Rock
                drock@@nicolaidesllp.com
                NICOLAIDES FINK THORPE
                MICHAELIDES SULLIVAN LLP
                10 South Wacker Drive, Suite 2100
                Chicago, IL  60606
                Tel:   312-585-1400
                Fax: 312-585-1401
                Firm ID:  57569

*Attorneys for Plaintiff*
*Ohio Security Insurance Company*